THE ACUSHLA.

(District Court, D. Massachusetts. September 9, 1919.)

No. 1692.

MARITIME LIENS ⬥4—VESSEL ON THE LAY NOT LIABLE TO LIEN FOR REPLACEMENT OF FISHING GEAR.

The settlement of the Massachusetts fishermen's strike, in April, 1917, by which the fishing gear on old vessels, then owned by the masters and for use of which the fishermen were charged a percentage of their shares, was to be appraised and paid for, together with replacements, by deductions from the gross stock on each trip, and then became free to use of the fishermen did not change the ownership of the gear and a vessel known to be on the lay is not subject to a lien for replacements bought by the master.

In Admiralty. Suit by Ernest M. Cromwell and others against the fishing schooner Acushla. Decree for respondent.

Wendell P. Murray, of Boston, Mass., for libelants.

Frederick H. Tarr, of Gloucester, Mass., for claimant.

MORTON, District Judge. The case is an interesting one, as any controversy involving the customs of the sea is apt to be; and it has been presented by counsel familiar with such matters. The principal question is whether fishing gear delivered to the master of a fishing vessel in January, 1919, to replace gear lost or condemned as unfit for further use, is chargeable to the vessel, she being at the time, as the seller knew, on the one-fifth lay. The facts are as follows:

The schooner Acushla was owned by the claimant. She was let to one Parsons as master on the one-fifth lay, under which the vessel takes one-fifth of the gross stock and pays no part of the running expenses. Prior to the settlement of the fishermen's strike by the Public Safety Committee in April, 1917, fishing gear was owned by the masters of the vessels and they deducted 10 per cent. of the men's shares on each trip as pay for the use of the gear. Under that arrangement the vessel was not liable, as both parties agree, for gear bills.

The rental (or use) charge for gear was believed by the men to be unfair and was one of the causes of the strike. By the settlement it was agreed between the vessel owners and the men that new vessels should thereafter furnish their own gear, for which no charge should be made; that the old gear (owned by the masters) should be appraised and paid for by deductions of 10 per cent. from the gross stock on each trip, and when so paid for should become "free" gear i. e., the men should not be charged for the use of it; and that replacements of lost or condemned gear (on both old and new vessels) should be paid for from the gross stock of the trip on which the loss or condemnation occurred. This settlement was accepted by all parties concerned, and is recognized as establishing the custom in the Massachusetts fishing ports.

Capt. Parsons bought a new string of gear when he was on the Georgia in 1915. After that he changed vessels several times before taking the Acushla, and each time carried his gear with him. The value of it was paid for in accordance with the settlement; and at the time in question the string was "free" gear. Capt. Parsons testifies that it belonged to him, and so does the claimant's principal witness. The only evidence to the contrary is that of the libelant. He testified:

"Capt. Parsons owned this gear and carried it with him from vessel to vessel. It was old gear, and had been paid for from the 10 per cent. It belonged to the vessel. She never paid for it. But I maintain that the vessel, on which it was finally paid for, owned it. No; I say that it belonged to the captain or the crew. The captain takes it with him, but after it has been paid for it becomes free gear. * * * I change that answer; if the gear is paid for it belongs to the vessel. I understand that this gear belongs to Parsons."

This testimony shows, I think, the difficulty of maintaining that the strike settlement changed the ownership of existing gear. The men

were not concerned with who owned the gear; what they objected to was paying unfair rental on it. The settlement eliminated that complaint. There was no reason for altering the ownership of the gear as between the captain and the vessel. There was no advantage to the men in having it owned by the latter, rather than the former. The Acushla was not a new vessel, within the meaning of the strike settlement. The string of gear on her was, it seems to me, the property of Capt. Parsons, not of the vessel; and I so find. The previously recognized incidents of the one-fifth lay were not changed as to gear, on old vessels at least, by the terms of that settlement, and the vessel was not liable for replacements.

On the trip ending January 10, 1919, gear to the value of $314.73 (according to Parsons' testimony) was lost or condemned and was deducted from the gross stock. He bought from the libelant, for replacements, gear to the amount of $282.55. On the trip ending January 21st the lost and condemned gear, amounting to $159.57, was deducted from the gross stock, and Parsons bought from the libelant $140 worth for replacements. These two charges less certain credits make up the claim in suit. The deductions were paid over to Parsons, but he failed to apply them to the libelant's bill.

The libelant knew that the Acushla was on the one-fifth lay and he knew the incidents of that lay. He first endeavored to collect his bill from Parsons, and went so far as to sue him and trustee his share in the trip. No bill was ever presented to the vessel or her owners, and it was not until after Parsons had gone into bankruptcy that any claim was made against her. The conclusion seems to me irresistible that the attempt to hold the vessel is an afterthought; and I so find. I am not satisfied that the libelant supposed at the time when the gear was sold that the vessel was liable for it, and originally extended credit to her. It is true that on the libelant's books the account was in the name of the schooner; but it is admitted by him that the account included everything furnished for use on board that vessel, including provisions and other supplies with which she was, as he knew, not chargeable, and that he customarily separated the items when the bills were made out. This being so, the form of the account does not show an intention to hold the vessel for the items here in controversy. Running vessels on shares or lays is a well-understood method of employing them, and while the captain may, under certain circumstances, bind the vessel, there is no hardship in holding that in Massachusetts ports, where the relation between the captain and the owners is understood, as it was here, replacements of gear belonging to him should, in the absence of authority on the part of the owners to have them charged to the vessel, be paid for by him.

On all the evidence, I find and rule that the libelant is not entitled to recover.

Decree dismissing libel, with costs.